# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

HENRY ERIC HAMILTON,

    Plaintiff,

v.

WILLIAM BOHRER ET AL.,

    Defendants.

Civil Action No.: BAH-24-175

## MEMORANDUM

On January 17, 2024, Plaintiff Henry Eric Hamilton ("Plaintiff" or "Hamilton"), who is presently incarcerated at Maryland Correctional Institution-Jessup ("MCI-J"), filed this civil rights complaint pursuant to 42 U.S.C. § 1983 raising claims related to incidents which occurred while he was incarcerated at Maryland Correctional Training Center ("MCTC"). ECF 1. As Defendants, Hamilton named Warden William Bohrer, Correctional Officer II Anthony Wickless, Lieutenant Dwayne Draper, CCMS II Patricia Caspar, Administrative Officer II Sandra Holmes, Executive Director, Inmate Grievance Officer ("IGO") F. Todd Taylor, Secretary of Department of Public Safety and Correctional Services ("DPSCS") Secretary Carolyn Scruggs, and Joseph Collard[1] (collectively the "Defendants"). *Id.* at 1. Several dispositive and non-dispositive motions are now pending in this case, which the Court addresses in turn below.

### A. Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment (ECF 16) and Hamilton's Motion to Supplement the Complaint (ECF 21)

On June 25, 2024, Defendants filed a motion to dismiss or, alternatively, for summary judgment (ECF 16), along with a motion to seal Hamilton's health records (ECF 18). That next

---

[1] The Clerk is directed to substitute Joseph Collard for Defendant "Unknown Headquarters Administrative Remedy Coordinator."

day, the Court received Hamilton's motion for leave to supplement the complaint (ECF 21) which Defendants opposed (ECFs 22 and 27). Hamilton replied. ECF 25. Hamilton also filed a motion to supplement the complaint (ECF 21) which is accompanied by a proposed supplemental complaint (ECF 21-2). In support of his motion, he asserts that on June 10, 2024, a hearing was held on his administrative complaint concerning his underlying claims, and that in preparation for the hearing he received additional documents which he had not previously been privy to and which revealed "partial identities of additional parties, which are required to be added to the complaint." ECF 21, at 2. He states that additional facts, relative to the added parties conduct, and the administrative remedy procedure ("ARP") filing are required to be added to his complaint. *Id.* He seeks to add the following parties as defendants: Stevi Ambrose, Annie Harvey, Unknown Traffic Officers MCTC, and Unknown Traffic Officers RCI and provides factual allegations against these potential defendants regarding his November 7, 2020 transfer to quarantine, subsequent transfer from MCTC to RCI, and the processing of his administrative complaint. *See* ECF 21-2.

Defendants oppose Plaintiff's motion to supplement. They assert that contrary to Hamilton's representations, he received the pertinent documents in March of 2024 and he offers no explanation for his waiting until June to file his motion. ECF 22, at 3; ECF 22-3, at 1 ¶¶ 3–4 and at 3–10; ECF 22-4, at 1 ¶¶ 3–4. They also provide a recording of a June 12, 2024 telephone call during which Hamilton stated that the purpose of the motion was to "hamstring their ass" and he would time the motion for "just before they answer." Exhibit 1 to ECF 22 at 25:35 (filed separately). Hamilton was provided an opportunity to listen to the recording. ECFs 27 and 28.

Additionally, in support of their opposition to Hamilton's motion to supplement, Defendants point out discrepancies in Hamilton's, who is a self-represented litigant, representations to the Court regarding the facts supporting his claims of retaliation. ECF 22-1.

Alternatively, Defendants ask that if Hamilton's motion is granted, they be provided an opportunity to determine if service will be accepted on behalf of the additional defendants and for all defendants to be provided additional time to respond to the additional allegations. *Id.*

While Hamilton titles his motion as a motion to supplement the complaint, the request is really to amend the complaint to add additional defendants and factual allegations. Pursuant to Fed. R. Civ. P. 15, Hamilton is entitled to amend the complaint once as a matter of course subject to certain time constraints, including within 21 days after a Rule 12 motion is filed. *See* Fed. R. Civ. P. 15(a)(1). Here, Hamilton filed his motion a day after Defendants filed a motion to dismiss or for summary judgment, so it is timely filed as of right. *See* ECF 21. Moreover, the general rule is that "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *See Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000)) (noting that amended pleadings supersede original ones except for the limited purpose of appellate review of claims dismissed in original complaint that were not included in amended complaint). Therefore, Hamilton's proposed amended complaint (ECF 21-2) shall serve as the operative complaint. The Clerk is directed to amend the docket to reflect that Stevi Ambrose, Annie Harvey, Unknown Traffic Officers MCTC, and Unknown Traffic Officers RCI are listed as additional Defendants.

In light of the foregoing, Defendants' pending motion to dismiss or for summary judgment (ECF 16) is denied without prejudice as it is not responsive to the now operative complaint. Defendants shall answer or otherwise respond to Hamilton's amended complaint within 60 days of the date of the accompanying order.

3

**B. Defendants' Motion to Dismiss Plaintiff's Complaint with Prejudice due to Plaintiff's Litigation Abuses Including Continued Misrepresentation and Threats of Violence to Defendant Taylor and Defense Counsel (ECF 23)**

Defendants also filed a "Motion to Dismiss Plaintiff's Complaint with Prejudice due to Plaintiff's Litigation Abuses Including Continued Misrepresentation and Threats of Violence to Defendant Taylor and Defense Counsel." ECF 23. Hamilton opposes this motion. ECF 43. For the reasons that follow, ECF 23 is denied.

In support of their motion, Defendants again point to representations made by Hamilton to the Court regarding the facts underlying his claim: e.g., that he was prevented from filing any documents in a then pending Maryland circuit court case; that he was denied any investigation into his administrative grievance; and that Defendant Bohrer filed an affidavit in his then pending state case. ECF 23-1, at 3. Defendants note that the record evidence demonstrates that Hamilton was able to file documents in his circuit court case, his grievance was investigated, and Bohrer did not file an affidavit. *Id.* Defendants also point to Hamilton's' statements in his initial complaint and addendum that he: (1) had filed no other cases regarding the matters alleged; (2) had exhausted his administrative remedies before filing the case; and (3) falsely claimed the state case had been remanded. ECF 23-1. Defendants note that Hamilton is a frequent litigator and is bound by Fed. R. Civ. P. 11.

Next, Defendants again reference Hamilton's statement in a recorded telephone call that he intended to delay filing his amended complaint to "hamstring" Defendants. ECF 23-1, at 4. Defendants assert that Hamilton intentionally delayed what they characterize as a late filing for improper purposes in violation of Rule 11. *Id.* at 4–5.

4

Lastly, Defendants point to statements by Hamilton in a number of recorded telephone calls wherein he discusses his legal strategy and, more importantly, troubling uses of violent rhetoric to discuss his disdain for Defendant Taylor and defense counsel. ECF 23-1, at 5.

While citing Rule 11, Defendants also urge the Court to use its inherent power to dismiss Hamilton's claims with prejudice due to his recorded threats of violence and for what they characterize as his "blatant misrepresentation and clear intent to use this lawsuit to harass and vex Defendants." ECF 23-1, at 9. The Court declines to do so.

Under Fed. R. Civ. P. 11(c)(1) this Court may "impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Additionally, "[a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). "The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.* In this instance, it is alleged that Hamilton has violated Fed. R. Civ. P. 11(b) which provides:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Further, a Rule 11 motion for sanctions "must be made separately from any other motion . . . ." Fed. R. Civ. P. 11(c)(2). This requirement is "mandatory" such that "failure to comply with the procedural requirements precludes the imposition of the requested sanctions." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 (4th Cir. 2004). Defendants have essentially inserted their request for Rule 11 relief in a motion to dismiss. ECF 23.

Additionally, the Court finds that Defendants have not met the Rule 11 standard. While Defendants note a number of discrepancies in Hamilton's averments regarding the factual underpinnings of his claims, those matters are easily addressed on summary judgment. Pro se pleadings are "granted a degree of indulgence not extended to lawyers" when determining whether to impose sanctions under Rule 11. *Laremont–Lopez v. Southeastern Tidewater Opportunity Center*, 968 F. Supp. 1075, 1078 (E.D. Va. 1997). Hamilton's litigation demonstrates an effort to understand the law at issue and to seek out facts to support his claims, and to litigate those claims vigorously in the administrative proceedings and before this Court. As such, Defendants' motion to dismiss (ECF 23) is denied. Hamilton is reminded, however, that while a self-represented pleading is not subjected to the same scrutiny as one drafted by an attorney, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), self-represented litigants must still follow the procedural rules of this Court. *See Toney v. LaSalle Bank Nat'l Ass'n*, 896 F. Supp. 2d 455, 464 (D. S.C. 2012).

Additionally, Defendants' characterization of Hamilton's motion to supplement his complaint as intentionally "late" is not supported by the record. Despite whatever Hamilton's litigation history may be, and whatever he said about attempting to "hamstring" counsel, as noted above, his motion was received one day after Defendants' dispositive motion was therefore timely

and permissible under Rule 15(a). Moreover, where a party filed to "vindicate rights in court, and also for some other purpose," that party should not be subject to Rule 11 sanctions "so long as the added purpose is not undertaken in bad faith and is not so excessive as to eliminate" a "central and sincere" desire to vindicate the rights at issue. *Rivers v. United States*, No. 6:18-CV-00061, 2020 WL 6880967, at *2 (W.D. Va. Nov. 23, 2020) (citing *In re Kunstler*, 914 F. 2d 505, 518 (4th Cir. 1996)). Defendants have not met the Rule 11 burden.

Lastly, Hamilton's telephone calls do not support, at this juncture, dismissal of his case with prejudice. This Court is mindful that Hamilton is a pro se plaintiff and "absent exigent circumstances" courts should "not in any way limit a litigant's access to the courts," particularly when litigants are proceeding without counsel. *See Cromer v. Kraft Foods N. Am., Inc*, 390 F.3d 812, 817–18 (4th Cir. 2004) (citations omitted).

Importantly, there is no evidence that Hamilton communicated any threats directly to counsel or Defendant Taylor, a fact which distinguishes Hamilton's conduct from cases where litigants were sanctioned for issuing threats. *See, e.g., Sines v. Kessler*, No. 3:17-CV-00072, 2020 WL 2827347, at *4 (W.D. Va. May 29, 2020) (citing *Richardson v. Cabarrus Cty. Bd. of Educ.*, 1998 WL 371999, at *1–3 (4th Cir. June 9, 1998) (per curiam) (affirming dismissal of case where plaintiff sent three threatening letters to a key defense witness and perjured himself in denying he wrote the letters); *Carroll v. Jacques Admiralty Law Firm*, 110 F.3d 290, 292, 294 (5th Cir. 1997) (affirming sanction award after defendant, who was also a practicing attorney, "threatened and cursed at [plaintiff's] counsel"); *Frumkin v. Mayo Clinic*, 965 F.2d 620, 626–27 (8th Cir. 1992) (affirming issuance of a restraining order directing plaintiff not to contact defendant after plaintiff, an attorney, who repeatedly telephoned one defense witness and "threatened to kill [the witness]" and told another defense witnesses, "'before I die, I'm going to take . . . you with me'"); *Cameron*

7

*v. Lambert*, No. 07cv9258, 2008 WL 4823596, at *4–5 (S.D.N.Y. Nov. 7, 2008) (dismissing plaintiff's case with prejudice as a sanction after he "threatened defense counsel with physical violence" during his deposition); and *Kilborn v. Bakhir*, No. 010-cv-1123, 2004 WL 2674491, at *4 (E.D. Va. Jan. 9, 2004) (awarding sanctions where pro se plaintiff, who was also an attorney, emailed defendant, his counsel, and a witness threatening to have them prosecuted or deported), *aff'd*, 102 F. App'x 328 (4th Cir. 2004)).

The Court does not condone Hamilton's language in the calls and expects that the tenor and tone of Hamilton's future calls will reflect civility. However, the fact remains that these calls, as offensive as they may have been, were not made to any defendant or counsel. The calls have apparently been investigated internally by the Division of Correction and, presumably, any appropriate action taken. Nevertheless, Hamilton is forewarned that should he continue to make threatening statements regarding any defendant in this case, or their counsel, he may be subject to sanctions by the Court, including, but not limited to the dismissal of his case with prejudice.

### C. **Hamilton's Motion for Emergency Injunctive Action or Relief (ECF 33) and Status Report (ECF 35)**

Also pending is Hamilton's motion for emergency injunctive action or relief (ECF 33) and a status report (ECF 35), which are opposed by Defendants. ECFs 34 and 36. Hamilton replied. ECF 45. Defendants filed a surreply. ECF 49. For the reasons that follow, the motion for emergency injunctive relief is denied.

Hamilton complains about his transfer from the Dorsey Run Correctional Facility ("DRCF") to MCI-J which he alleges was done in retaliation for his reporting to his wife about a motion he intended to file responding to the allegedly threatening telephone calls referenced in Defendants' motion to dismiss. ECFs 33 and 32. Hamilton asserts that he will be irreparably harmed if he is prevented from presenting his full responsive pleadings. ECF 33, at 1. Given that

8

his motion to amend has now been granted and new deadlines set for Defendants' response to the amended complaint, Hamilton has nothing currently due to be filed in this case.

Nevertheless, in response to the motion, Defendants explain DRCF does not have administrative segregation and that due to Hamilton's telephone calls where he made threatening remarks, correctional staff had him placed on administrative segregation pending investigation at MCI-J. ECF 34. Counsel explains that she was not aware of the move and was not aware of the telephone call Hamilton believes precipitated his move. *Id.* Additionally, Defendants explain that Hamilton was not denied access to courts as he was provided access to all of his materials after his transfer, he declined multiple offers of access to legal research before finally accepting forms from the law librarian at MCI-J, and he has demonstrated access by continuing to file motions and responses in this case. *Id.* In what was docketed as a "Status Report" Hamilton complains about the conditions of his confinement at MCI-J. ECF 35.

As a preliminary injunction temporarily affords an extraordinary remedy prior to trial than the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing" that he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20–23 (2008); *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 292–93 (4th Cir. 2011). "All four requirements must be satisfied." *Cantley v. W. Virginia Reg'l Jail & Corr. Facility Auth.*, 771 F.3d 201, 207 (4th Cir. 2014) (brackets omitted); *see also Pashby v. Delia*, 709 F.3d 307, 320 (4th Cir. 2013) (noting that Fourth Circuit's prior test of balancing the factors is no longer good law in light of *Winter*). Hamilton's request for injunctive relief shall be denied, as he does not clearly satisfy all four factors.

At the outset, the Court notes a fundamental problem with the majority of Hamilton's claims for injunctive relief: other than seeking to be able to continue to litigate this claim, they have no relation to the underlying complaint concerning Hamilton's assertion of retaliation in his removal from his job. Thus, the requirement of making a clear showing of likely success on the merits actually concerns whether Hamilton is likely to succeed at trial on his claims that he was unlawfully removed from his job. Such a showing has not been made to date. Moreover, in the prison context, courts should grant preliminary injunctive relief involving the management of correctional institutions only under exceptional and compelling circumstances. *See Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994). Such circumstances are not present here.

Additionally, Hamilton has failed to demonstrate a likelihood of suffering irreparable harm if the relief is not granted. As to irreparable harm, the movant must show the harm to be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Grp.*, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). In regard to Hamilton's claims regarding the conditions of his confinement, he may challenge those conditions through the prison administrative process and/or by filing a separate federal civil rights claim. Finally, Hamilton failed to demonstrate that the balance of equities is in his favor or that an injunction would be in the public interest. Accordingly, the motion (ECF 33) is denied.

### D. <u>Additional Miscellaneous Motions</u>

Also pending are Hamilton's "Motion Pursuant to Federal Rule of Civil Procedure 56(d) for Appropriate Order" (ECF 46) which is opposed by Defendants (ECF 50); Defendants' motion for leave to file response to Hamilton's reply (ECF 47); Defendants' motion for leave to file excess pages (ECF 48); Hamilton's motion to extend page limit (ECF 52); and Hamilton's "Motion to Strike Defendant's Opposing Filings as Intentionally Malicious and Vexatious to Plaintiff" (ECF

51). Because Defendants' dispositive motion has been denied without prejudice, and a new schedule will control the response to the amended complaint, these motions are now moot and are each denied without prejudice.

Finally, as to the remaining pending Motions, Defendants' unopposed Motions to Seal (ECF 18, 38, 57) are granted.

### E. Conclusion

Lastly, the parties are advised that the Court maintains inherent authority to control the orderly procession of a civil action. *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 955 (4th Cir. 1995). Fed. R. Civ. P. 83(b) provides that "[a] judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules." Pursuant to that authority, and in an effort to streamline these proceedings, reduce unnecessary and costly motions practice, and "to secure the just, speedy, and inexpensive determination of every action and proceeding", Fed. R. Civ. P. 1, the accompanying order will include requirements which will govern the filing of future motions and the further proceedings in this case. These additional formal requirements are intended only to more effectively channel the efforts of litigants and allocate the resources of the Court. Nothing therein is intended to modify or abridge any substantive rights of any litigant.

A separate order follows.

| | |
|---|---|
| February 27, 2025 | /s/ |
| Date | Brendan A. Hurson |
| | United States District Judge |